280

The Aetna Casualty and Surety Company, a corporation of the State of Delaware,

*vs.*

The Mayor and Council of Wilmington, a Municipal corporation of the State of Delaware, and August Edward Walsen.

*New Castle, April* 30, 1930.

*Caleb S. Layton,* City Solicitor, for defendant The Mayor and Council of Wilmington.

*Robert G. Harman,* for defendant Walsen.

THE CHANCELLOR. The demurrer is to the amended bill. The original bill confined its allegations to two alleged shortages amounting respectively to $4,216.00 down to June 30, 1927 (the end of the tax year), and $885.72 down to June 30, 1928. The amended bill sets up additional claims made by the city as the result of further audits made since the original bill was filed. One of the grounds of demurrer is that the additional claims of the city constitute matter that is new and radically different from and foreign to that set out in the original bill. This ground is not well taken. The so-called new matter is clearly related to ·the old. The bill seeks to restrain the city from collecting any of its claims out of the judgments, and if the city has discovered an enlarged claim since the original bill was filed there can be no objection to amending the bill by making it embrace the subsequently discovered items, which if they are collectible at all from the complainant are collectible under the same judgments.

It is further objected that allegations of the bill are insufficient to require Walsen to answer, that no relief is prayed against him and that any information he may have can be obtained by the complainant by summoning him as a witness in the cause.

Where a judgment is entered by warrant of attorney for the penalty of a bond, "and when the condition is not for the payment of money, but for the performance of some collateral undertaking, the execution follows the judgment and the creditor proceeds at his peril, subject to interference of a court of equity, if he take execution before a breach has been committed, or, after a breach, for a larger sum than the damages actually sustained." This is from 1 *Woolley on Delaware Practice, page* 552, and its original is found in the opinion of Chancellor Bates in *Staats v. Herbert, et al.,* 4 *Del. Ch.* 508.

It was proper practice for the city to proceed to collect what it claims to be due under the bonds by entering them as it did and then take its execution for the penalty, following the judg-

ment, and direct an endorsement thereon of the exact amount claimed to be due. If the amount claimed was too much, the defendant or defendants in the execution could then resort to this court to restrain the execution, and in that event an issue of *quantum damnificatus* would be directed. Upon the ascertaining of the damages on such an issue, relief would be granted upon payment of the same. *Staats v. Herbert, et al., supra.*

Now, in this case the city had taken the first step in this procedure by entering the bonds and admits its intention was to take the next step by suing out an execution, when the complainant filed the pending bill.

The bill is premature.

It has been stated as a general proposition that a surety may proceed in a court of equity, after a debt becomes due, to compel the creditor to collect the debt out of the principal debtor. This principle is stated in *Miller v. Stout, et al.,* 5 *Del. Ch.* 259, and the reason there given for it is that it is unreasonable that the surety should always be subject to liability to pay even though not molested for the debt. The principle, however, is stated in 21 *R. C. L. p.* 1126, not to be acceptable in its broad operation, but to require some specific equity to call forth its applicability. Whether that be true or not I need not pause to consider. But granting the broad right of the surety in all cases to force the creditor to make the money out of the principal as soon as it is due, and overlooking for the moment that in this case the condition of the bonds is not for the payment of given sums on definite dates, we have the rather curious situation here that the surety, instead of forwarding the efforts of the creditor to collect out of the principal, is seeking to interfere with an appropriate procedure by which such efforts are properly exerted.

The complainant shows no equity which would justify this court at the present stage of the proceedings at law in interfering with the law's processes. If the complainant desired to force the city to proceed against Walsen and filed a bill in this court to compel it to do so, relying for its justification on the broad rule announced in *Miller v. Stout, et al., supra,* the relief granted

on such a bill would drive the city either to suing at law on the bonds or entering judgment and thereafter taking out legal execution. Yet the present bill seeks to enjoin it from pursuing exactly one of those remedies.

What right has the complainant to force Walsen into a contest with the city at a time when the city has not yet chosen to assert by proper legal procedure its purpose to proceed? 'It seems to me that Walsen has the right to insist that the city, which claims to be his creditor and which he denies to be such, shall be the moving party against him. No case has been cited which justifies the course the complainant is seeking to pursue.

On the ground that the facts alleged are not sufficient to put Walsen to his answer, his demurrer to the amended bill will be sustained.

Order accordingly.

NOTE: This cause was later pleaded to issue and final hearing had on oral testimony of witnesses. See *post p.* 285 for ruling on objection to the admissibility of the auditor's reports. The opinion after final hearing will be reported in 18 *Delaware Chancery Reports.* See also 160 *Alt.* 749.